IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:05-CR-148 |
| ) | (PHILLIPS/GUYTON) |
| V. ) | |
| ) | |
| JERMAINE HUGHES, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This cause came before the undersigned on September 19, 2006 for a motion hearing on Defendant's Motion to Reduce Bond [Doc. 146], filed on September 15, 2006. Assistant United States Attorney Michael E. Winck was present representing the government. Attorney Robert L. Vogel was present representing Defendant Hughes, who was also present.

After careful review of the motion [Doc. 146] and arguments made by Attorney Vogel, Defendant's Motion to Reduce Bond [Doc. 146] is **DENIED**. The Court notes that Defendant received a detention hearing on February 15, 2006 and that the Court ruled that Defendant should be detained. The Bail Reform Act states that a detention hearing may only be reopened if there is a finding that

> information exists that was not known to movant at the time of the [initial] hearing and that has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.

1

18 U.S.C. § 3142(f). In an overabundance of caution, the Court allowed the Defendant an additional detention hearing, even though Defendant had not made the requisite showing.

Defendant argues that the government, by filing its Superceding Indictment [Doc. 135], has shown that there exist facts which were not known to Defendant at the initial detention hearing which have a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. If the Superseding Indictment [Doc. 135] reduced the charges against Defendant, then Defendant might be entitled to an additional detention hearing, but that is not the case here. The Superseding Indictment [Doc. 135] added four additional counts against Defendant. The indictment's allegations of additional criminal activity by Defendant do not have a material bearing on Defendant's claim that Defendant should be released on bond. If anything, the additional charges preponderate against a finding that Defendant should be released. Therefore, the Court finds that Defendant has not made the showing required by 18 U.S.C. § 3142(f) and was not entitled to an additional detention hearing.

However, even if Defendant were entitled to an additional detention hearing, the Court notes that Defendant has not presented any evidence which would alter the decision reached by the Court at the detention hearing held on February 15, 2006. Defense counsel admits that Defendant was on parole when Defendant was arrested on the instant charges. Defense counsel further admits that, when Defendant was arrested, Defendant was found to be in possession of marijuana, in direct violation of Defendant's conditions of release. Defendant has done nothing to prove to the Court that, if Defendant were released on bond, he would not immediately violate this Court's conditions of release, just as he violated his conditions of release on parole.

Therefore, the Court finds that: (1) there is probable cause to believe that Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed; (2) Defendant has not rebutted the presumption established by that finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community; (3) there is a serious risk that Defendant would not appear if released; (4) there is a serious risk that Defendant would endanger the safety of another person or the community if released; (5) Defendant has two prior felony convictions and is facing a possible life sentence; (6) Defendant was on parole when charged with the present offense, and had a quantity of illegal drugs in his possession when arrested on the present offense; (7) Defendant is a Georgia resident and has no ties to this community or the State of Tennessee; (8) the evidence and other information provided at the hearing established by a preponderance of the evidence that Defendant is a serious risk to not appear at trial, and by clear and convincing evidence that Defendant poses a serious risk of danger to another person or the community. Accordingly, no condition or combination of conditions will reasonably assure Defendant's presence for future court appearances, or the safety of individuals or the community, if Defendant were to be released on bond. Therefore, the Court affirms its previous decision to detain Defendant pending trial.

**IT IS SO ORDERED.**

ENTER:

　　s/ H. Bruce Guyton　　
United States Magistrate Judge